UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AFSHIN BAHRAMPOUR, | Case No. 2:20-cv-00857-RFB-EJY |
| Petitioner, | **ORDER** |
| v. | |
| SHERIFF JOSEPH LOMBARDO, et al., | |
| Respondents. | |

This is a pre-trial habeas corpus action under 28 U.S.C. § 2241. Petitioner, Afshin Bahrampour, has submitted an application to proceed in forma pauperis and a petition for a writ of habeas corpus. ECF No. 1. After reviewing Plaintiff's application, the Court finds Bahrampour is unable to pay the $5.00 filing fee, and thus may proceed in forma pauperis. The also court has reviewed the petition and Bahrampour will need to show cause why the Court should not dismiss the action.

Bahrampour is the defendant in State v. Bahrampour, Case No. C-19-342022-1 of the Eighth Judicial District Court of the State of Nevada.[1] He currently is charged with one count of acts of terrorism or attempted acts of terrorism, one count of burglary motivated by bias or hatred toward the victim, one count of first-degree arson motivated by bias or hatred toward the victim,

---

[1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=11974877 (report generated October 9, 2020).

1

one count of damage to property used for religious purposes, and three counts of third-degree arson motivated by bias or hatred toward the victim. Bahrampour filed a pre-trial habeas corpus petition in the state district court, and that court dismissed two other charges, one count of third-degree arson and one count of fourth-degree arson.

The current federal habeas corpus petition under 28 U.S.C. § 2241 has numerous claims. In claim 1, Bahrampour alleges that his pre-trial detention is unconstitutionally indefinite because the state courts are incapable of handling criminal trials during the COVID-19 pandemic. In claim 2, Bahrampour alleges that the legislative history of Nev. Rev. Stat. § 202.445, defining acts of terrorism, does not include acts that do not involve despicable or inhuman conduct or weapons of mass destruction. Claim 3 alleges ineffective assistance of counsel. Claims 4, 5, and 6 allege that Nev. Rev. Stat. § 202.445 is void for vagueness. Claim 7 alleges that insufficient evidence justifies a charge of first-degree arson. Claim 8 appears to be a claim that Bahrampour should not be guilty of arson for the burning or damage of cars adjacent to the car that Bahrampour burned because the firefighters damaged those cars when they put out the fire that Bahrampour ignited. Claim 13 alleges that counsel failed to object to Bahrampour's involuntary statements that the prosecution introduced to the grand jury through witness testimony.

Federal courts should abstain from intervening in pending state criminal proceedings unless there are the extraordinary circumstances of a great and immediate danger of irreparable harm. Younger v. Harris, 401 U.S. 37, 45-46 (1971); see also Ex Parte Royall, 117 U.S. 241, 251 (1886). A court "must abstain under Younger if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).

Based on the four Younger requirements, it appears this Court must abstain from intervening in this pending state criminal proceeding. Here, Bahrampour's criminal proceedings

are ongoing in state court and the prosecution of those crimes is an important state interest.  See Kelly v. Robinson, 479 U.S. 36, 49 (1986); Rose v. Mitchell, 443 U.S. 545, 585 (1979); Younger, 401 U.S. at 43-44.  Bahrampour may raise his constitutional claims in the state courts, by motions before the trial court, on appeal, or in a post-conviction habeas corpus petition.  Yet, it appears that Bahrampour has not raised his trial-delay claim in any motion or petition in the state courts, because his pre-trial habeas corpus petition concluded before the start of the COVID-19 pandemic.  Lastly, if this court granted Bahrampour relief, it would result in the termination of his state-court criminal action, which is an action that Younger disapproves.  Because all four requirements are met, it appears that this Court must abstain from considering the petition.

Also, in claims 9 through 12 Bahrampour alleges that the federal government is using remote mind-control techniques on him.  These claims are plainly without merit, and the Court dismisses them under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

IT THEREFORE IS ORDERED that the application to proceed in forma pauperis (ECF No. 1) is **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

IT FURTHER IS ORDERED that the Clerk of the Court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT FURTHER IS ORDERED that claims 9, 10, 11, and 12 are **DISMISSED** because they lack merit.

IT FURTHER IS ORDERED that petitioner will have 30 days from the date of entry of this order to show cause why the court should not dismiss this action to abstain from interfering in ongoing criminal proceedings in the state courts.  Failure to comply with this order will result in the dismissal of this action.

DATED: October 16, 2020

_____
RICHARD F. BOULWARE, II
United States District Judge