# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AFSHIN BAHRAMPOUR,<br><br>             Petitioner,<br><br>    v.<br><br>SHERIFF JOSEPH LOMBARDO, et al.,<br><br>             Respondents. | Case No. 2:20-cv-00857-RFB-EJY<br><br>**ORDER** |

      This is a habeas corpus action under 28 U.S.C. § 2241. The court directed petitioner, Afshin Bahrampour, to show cause why the Court should not dismiss this action because it needed to abstain from interfering with ongoing state-court criminal proceedings under Younger v. Harris, 401 U.S. 37 (1971). ECF No. 3. The court also dismissed ground 9 through 12 because they were plainly without merit. Currently before the court is Bahrampour's response to the order to show cause and motion for reconsideration. ECF No. 5, 6.[1] Bahrampour does not persuade the court, and the Court dismisses the action.

      Bahrampour disagrees with the Court's decision to dismiss grounds 9 through 12. The Court dismissed these grounds for lack of merit because the basis underlying these grounds was his allegation that the federal government is using remote mind-control techniques on Bahrampour. The Court refrained from using words such as "frivolous" and "fanciful" both out of a sense of politeness toward Bahrampour and to keep from inadvertently interfering with any state-court determination on Bahrampour's competence to stand trial. Bahrampour insists, so the court will be explicit: His allegations of government remote mind control are wholly within the realm of fantasy, are frivolous, and are plainly without merit.

---

[1] The response and the motion are the same document but docketed individually.

1

1   Assuming that Bahrampour's allegations are true, then an alternative reason exists why the
2   Court must dismiss the grounds.  If Bahrampour is alleging that the government was mind-
3   controlling him to commit the acts for which he currently is charged in state court, then any relief
4   that the Court could give necessarily would interfere with the ongoing state-court criminal
5   proceedings.  The Court would need to abstain from such interference under Younger.

6   Regarding Younger, Bahrampour does not address the Court's determination that it needs
7   to abstain from interfering in the state-court criminal proceedings, despite the Court giving him the
8   opportunity to show cause.  Consequently, the Court will dismiss the action.

9   Reasonable jurists would not find the Court's determination to be debatable or wrong, and
10  the court will not issue a certificate of appealability.

11  IT THEREFORE IS ORDERED that petitioner's motion for reconsideration (ECF No. 6) is
12  **DENIED**.

13  IT FURTHER IS ORDERED that this action is **DISMISSED** without prejudice because
14  the court must abstain from interfering with ongoing criminal proceedings in the state courts.  The
15  clerk of the court is directed to enter judgment accordingly and to close this action.

16  IT FURTHER IS ORDERED that a certificate of appealability will not issue.

17  DATED: November 9, 2010

_____
RICHARD F. BOULWARE, II
United States District Judge