UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AFSHIN BAHRAMPOUR,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SHERIFF JOSEPH LOMBARDO, et al.,<br><br>　　　　　Respondents. | Case No. 2:20-cv-00857-RFB-EJY<br><br>**ORDER** |

　　　　This is a closed habeas corpus action under 28 U.S.C. § 2241. The court directed petitioner, Afshin Bahrampour, to show cause why the court should not dismiss this action because it needed to abstain from interfering with ongoing state-court criminal proceedings under Younger v. Harris, 401 U.S. 37 (1971). ECF No. 3. The court also dismissed ground 9 through 12 because they were plainly without merit. Bahrampour filed a response to the order to show cause and a motion for reconsideration. ECF No. 5, 6.[1] Bahrampour did not persuade the court. The court dismissed the action and entered judgment. ECF No. 7, 8.

　　　　Two days after the court entered judgment, Bahrampour filed another response to the order to show cause. ECF No. 9. The court does not know if this second response and the order dismissing the action crossed in the mail, or if the second response is a response to the dismissal of the action.

---

[1] The response and the motion are the same document but docketed individually.

1

Bahrampour's initial response was flawed. Bahrampour focused entirely on the court's dismissal of grounds 9 through 12 as fantastic and frivolous. He did not address the court's concern that it needs to abstain from interfering in ongoing criminal proceedings in the state courts. See ECF No. 7 at 2. The Court dismissed the action for that reason. Id.

Bahrampour's second response does address Younger. The court will construe it as a motion for reconsideration of the dismissal of this action.

Bahrampour presents five reasons why the court should consider this case, which the Court quotes with minor corrections:

> 1. The plaintiff is innocent until and unless found guilty and has a right to a reasonable bail. Punishment should not both precede the conviction and follow the conviction.
>
> 2. Nevada Revised Statute defining acts of terrorism or attempted acts of terrorism is void-for-vagueness and fails to give fair notice or encourages arbitrary enforcement of the law.
>
> 3. Presently plaintiff's bail is set at $1,000,000.00 (one million dollars) because Nevada's terrorism statute (that is void for vagueness) is a class A felony. It's illegal to set bail on void criminal laws.
>
> 4. Setting such a high bail because of a void statute irreparably harms the plaintiff because he cannot exercise his right to bail and be free pending his trial and subsequent acquittal or conviction.
>
> 5. Setting bail to hold someone over for trial on an obviously vague and void statute is irreparable harm because it is the most serious felony charge the plaintiff faces and were it not for this charge the other charges would have been resolved by now through plea negotiations because plaintiff has been in custody over 42 months on this case.

ECF No. 9 at 3-4.

Bahrampour appears to try to excuse the application of Younger by arguing that his bail is too high. Younger abstention is not appropriate for a claim that a person is subject to excessive bail for two reasons. Arevalo v. Hennessy, 882 F.3d 763 (9th Cir. 2018). First, litigation over bail is distinct from the criminal prosecution and thus would not interfere with that prosecution. Id. at 766. Second, excessive bail itself is a constitutional deprivation that causes irreparable harm, and irreparable harm is an exception to Younger abstention. Id. at 766-67.

However, Bahrampour does not allege some constitutional error in the process of setting bail, nor does he allege that the bail, by itself, is excessive. Instead, he argues that Nev. Rev. Stat.

1 § 202.4415, defining acts of terrorism, is unconstitutionally vague. In turn, he could not be
2 prosecuted under Nev. Rev. Stat. § 202.445, which prohibits acts of terrorism or attempted acts of
3 terrorism. Then, with those statutes out of the way, he argues that his bail is excessive for the
4 remaining charges.

5 Bahrampour does not persuade the Court that Younger abstention is inappropriate. To reach
6 his excessive-bail claim, the Court first must determine that § 202.4415 is unconstitutionally vague
7 and that § 202.445 is inoperative. The prosecution has charged Bahrampour with violating
8 § 202.445. A determination that § 202.4415 is unconstitutionally vague thus would interfere with
9 the ongoing criminal proceedings in state court. Consequently, the Court will not depart from its
10 earlier determination that it should abstain from interfering with ongoing state-court criminal
11 proceedings.

12 Reasonable jurists would not find this determination to be debatable or wrong, and the Court
13 will not issue a certificate of appealability.

14 IT THEREFORE IS ORDERED that petitioner's response (ECF No. 9), which the court
15 construes as a motion for reconsideration, is **DENIED**.

16 IT FURTHER IS ORDERED that a certificate of appealability will not issue.

17 DATED: January 20, 2021.

_____
RICHARD F. BOULWARE, II
United States District Judge